## SAMUEL L. BOYD *v.* RICKETTS & BRISTER.

1. PARTNERSHIP. *Evidence of creditor's knowledge thereof.  Information, whether hearsay.*

   L. sued R., B., J., H., and C., as partners under the firm name of R. & B., for a debt contracted in December, 1879.  J., H., and C. denied the partnership. Before the trial J. died, and his executor was made a defendant in his stead. At the trial, L.'s attorneys adduced evidence tending to prove that the partnership had existed prior to 1879, and then offered his deposition to the effect that he had dealings with R. & B. in 1877 and 1878, and was then informed by a third person that J., H., and C. were members of the firm; and that he had no notice of any withdrawal, except that he was informed in May, 1879, that R., B., and J. composed the firm.  The defendants objected to the admission of the deposition on the grounds, (1) that it tended to establish the deponent's own claim against the estate of a deceased person, and (2) that it was hearsay testimony.  The court sustained the objections.  *Held,* that as to the estate of J., the deposition was properly rejected for the reason stated in the first objection; but as to H. and C. it should not have been excluded as hearsay testimony, for although not competent to prove that they had been members of the firm, it was competent, after proof of that fact had been adduced, to show L.'s knowledge of such fact, and that as to him they were not dormant, but known partners.  But the exclusion of the deposition could do L. no harm, as it shows that he knew of the withdrawal of H. and C. from the firm before his debt was contracted

2. SAME. *Evidence thereof. Paper written by alleged partner.*
  In the case above stated, the plaintiff offered in evidence an application of R. & B. for a revenue license, which purported to set out the names of the members of the firm. It was prepared and sworn to by R., but not in the presence of J., H., or C. Its admission was objected to, and the objection sustained by the court. *Held,* that as to the defendants who denied their membership in the firm of R. & B., the application was *res inter alios acta,* and incompetent as evidence; and as to the other defendants it was irrelevant.

APPEAL from the Circuit Court of Yazoo County.

Hon. S. S. CALHOON, Judge.

In April, 1880, Samuel L. Boyd, brought an action of *assumpsit* against James W. Ricketts, William T. Brister, William Hewett, John Brister, and John A. Campbell, on a promissory note signed " Ricketts & Brister," the name of a mercantile firm. The declaration alleged that the defendants were partners composing the firm of Ricketts & Brister. On the trial James W. Ricketts and William T. Brister admitted their indebtedness on the note sued on ; but it was contended for John Brister, J. A. Campbell, and William Hewett, upon appropriate pleadings, that they were not members of the firm of Ricketts & Brister at the time the note was given, and had not since been, and that they were not indebted thereon. After the commencement of the action and before the trial John Brister died, and the suit was revived, as to him, against his executors.

The debt sued for was contracted in December, 1879, and the plaintiff's attorneys, after having first introduced evidence tending to show that the contesting defendants had been members of the firm of Ricketts & Brister, prior to 1879, then offered as evidence the deposition of the plaintiff. This deposition was in effect that plaintiff had dealings with Ricketts & Brister during the years 1877 and 1878, and then understood, upon information derived from B. W. Taylor, a merchant, that the firm was composed of all the defendants sued ; but in May, 1879, he was informed by a mercantile agency that J. W. Ricketts, W. T. Brister, and John Brister,

composed the firm, and that he had never had any notice of the withdrawal of any member of the firm, except the statement by the commercial agency, as to who composed the firm in May, 1879. The defendants objected to the admission of this deposition in evidence, on the grounds, (1) that it was the testimony of a party seeking to establish his claim against the estate of a deceased person, and (2) that it was hearsay evidence. The court excluded the deposition, and the plaintiff excepted. The proof showed that no public notice was given of the withdrawal of any member of the firm.

The plaintiff offered in evidence an application for internal revenue license, made by Ricketts & Brister, in 1878, which purported to set forth the names of the individuals then composing the firm. The defendants objected to its admission, and the court rejected it. Ricketts testified that it was prepared and sworn to by him, but neither John Brister, nor Hewett, nor Campbell, was present when it was prepared. It was rendered in favor of William Hewitt, J. A. Campbell, and John Brister's executor, and from the judgment thereon, the plaintiff appealed.

*L. Brame* and *Hudson & Hudson,* for the appellant.

On the trial the court excluded an application by the firm of Ricketts & Brister, in 1878, for revenue license to sell tobacco. We submit that this was error. By law this application was required to be made before the issuance of a license. As required, it was sworn to and showed the names of partners in the firm. This was after the withdrawal of Campbell ; all the others were included.

The court also excluded from evidence the deposition of the plaintiff Boyd. This was erroneous. As against the defendants Hewett and Campbell, the testimony was competent. On this ground, therefore, it was error to exclude the testimony, except so far as the estate of John Brister was concerned ; it should have been admitted as against the other defendants. As

against these parties, the relevancy of the testimony was to show : —

1. That the plaintiff was an old dealer with defendants' firm, and therefore entitled to actual notice of the withdrawal of the retiring partners. *Polk* v. *Oliver*, 56 Miss. 566.

2. That he had no notice of the withdrawal of the parties.

3. That he knew or had been informed that these persons, who were silent partners, were in said firm.

The doctrine that a dormant partner is not required to give notice of his withdrawal from a firm, rests upon the assumption of fact that it is not known that he is a partner, and therefore that no credit is given upon the faith of his continued responsibility. But the doctrine is only applicable when persons dealing with the firm have no knowledge whatever that the dormant partner is or has been a member of the firm. If the creditor has known at one time that the party was a dormant partner, to exonerate such dormant partner from liability as to debts contracted after his retirement, he must give notice as any other partner, so far as this creditor is concerned. Story on Part., sect. 159 ; 1 Lindley on Part., 408, and note 1 ; *Nusshaumer* v. *Becker*, 87 Ill. 281 ; *Manget* v. *Tessin*, 5 La. An. 165 ; Am. Law Reg., February, 1882, p. 129, and cases cited.

If, in the beginning, it was a matter of public notoriety that these defendants were partners, it may be inferred that plaintiff had a knowledge of their connection with the firm. *Davis* v. *Allen*, 3 N. Y. 168; *Warren* v. *Ball*, 37 Ill. 76.

It makes no difference that the plaintiff knew or heard of the connection of these parties with the firm by secondary evidence or hearsay. *Southwick* v. *McGovern*, 28 Iowa, 533 ; *Park* v. *Wooten*, 35 Ala. 242.

If these parties were in fact dormant partners, and the plaintiff, being informed of it, dealt with the firm and extended credit to the partnership, he was entitled to actual notice of their withdrawal. Or, to state the case most favorably to defendant, if plaintiff knew or was informed that they were

in the firm, and afterwards sold the goods as a new dealer, to exonerate the parties from liability for debts contracted after their retirement, it was necessary that they should have given public general notice of their withdrawal.

*L. Brame,* argued the case orally.

*Garnett Andrews,* for the appellees.

It is assigned, as a ground of error, that the court refused to let appellant read in evidence to the jury a document purporting to be an application of Ricketts & Brister for internal revenue license.

If there were any reason to give such an application the sanctity of evidence, it does not exist in this instance. It is not signed by any individual, but only with the firm name of Ricketts & Brister, is not dated, and is not sworn to. Ricketts says that he wrote it, but that the other members of the firm were not present. It was in truth nothing more than a memorandum — mere secondary evidence of the weakest sort.

The next assignment touches the suppression of the deposition of the plaintiff himself.

The purpose of the testimony was to prove that John Brister, Campbell and Hewett were partners. That was the only question at issue. Manifestly this fact could not be proved as to John Brister (deceased) by the plaintiff's own testimony. If competent as to Hewett and Campbell, it was all so written and blended together that so much of the deposition as related to them could not be separated from that which concerned the decedent; and all had to be admitted or all excluded. Suppose that so much of it as related to him could be separated from the case of Hewett and Campbell, it will nevertheless be found incompetent as to the latter; and even if not incompetent as to them, plaintiff, as to them, cannot complain of injury, because he says he had notice from the mercantile agency, that Hewett and Campbell were not partners when the debt in question was created. According to plaintiff's own case (but not according to our defence),

Hewett and Campbell *had been* partners, but had withdrawn before the debt was contracted, and plaintiff himself had notice of it, as he admits himself.    Then as he had no claim against Hewett and Campbell, his depositions as to them were irrelevant.

But these depositions were inadmissible to prove the partnership, because they amount to hearsay evidence only.    The witness had no personal knowledge as to who composed the firm.

You cannot prove a partnership by the admission, even of one of the alleged partners against another.    *Grafton Bank* v. *Moore*, 13 N. H. 101 ; *Scott* v. *Blood*, 16 Me. 199 ; *Porter* v. *Wilson*, 13 Pa. St. 641 ; *Bishop* v. *Georgeson*, 60 Ill. 484 ; *Cross* v. *Langley*, 50 Ala.— ; 5 Waite's Ac. & Def. 114. Nor can a partnership be proved by general reputation.    5 Waite's Ac. & Def. 114, and cases cited.

COOPER, J., delivered the opinion of the court.

The deposition of the plaintiff Boyd, as against the defendants, Hewett and Campbell, ought not to have been excluded on the ground that it was hearsay.

There were two questions presented for the decision of the jury :    First, whether these defendants had been at any time members of the firm of Ricketts & Brister ; and second, if they had been such members, whether, under the circumstances, they were bound for the debt sued for, which had been contracted after their withdrawal.    Testimony tending to prove the first had been delivered, and the plaintiff was entitled to have this fact treated as established, so far as to govern the competency of other testimony offered for the purpose of completing his case by making proof as to the second.

If the only question presented had been whether these defendants had at any time been members of the firm, it would not have been competent to introduce against them, to establish that fact, the declarations of third persons made to the plaintiff in their absence.    On this issue the testimony was

hearsay, but for the purpose of showing whether as to the plaintiff, these defendants were known or dormant partners, it became necessary for him to prove that he had knowledge or information that they were members of the firm. This knowledge or information thus became a relevant fact, and testimony offered for the purpose of establishing it must be tried alone by its competency as to this fact; and to this fact the testimony was not hearsay but original. But the plaintiff was not injured by its exclusion, for by it appears in the same deposition that the plaintiff, after the withdrawal of these defendants from the firm (if, indeed, they had ever been members), was informed by the commercial agency of Dun & Co., that the firm was composed of only Ricketts and the two Bristers. As against the estate of John Brister, the plaintiff was incompetent to testify. As to the defendants Hewett and Campbell, it showed that the plaintiff had information that they were members of the firm; but it also showed that he had notice of their withdrawal before the debt sued for was contracted, and therefore its effect, if introduced, would have been, not to establish plaintiff's right to recover, but it would have fixed the non-liability of the only defendants as to whom it was competent. The exclusion of the deposition was erroneous on the ground upon which it was rejected, but the plaintiff has suffered no injury and cannot complain.

The application for revenue license was properly excluded. As to the defendants who had denied their membership in the firm it was *res inter alios acta*, as to the others it was irrelevant. Taking the testimony actually given most favorably for the plaintiff, it was insufficient to establish any other facts than that the defendants, Hewett, Campbell, and John Brister were dormant partners, both as to the world at large, and to the plaintiff; that they had withdrawn from the firm long before the debt sued for was contracted, and were not liable therefor.

The judgment is affirmed.